In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-00067-CV

____________


GUY L. ALLEN, Appellant


V.


TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL
DIVISION, EXECUTIVE DIRECTOR WAYNE SCOTT, AND OFFICER
KYLE RACKLEY, Appellees






On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 20,666





DISSENTING OPINION I dissent. 

 The majority opinion omits relevant facts that I believe are case determinative.



Nature of the Suit

 Appellant filed suit under the Texas Tort Claims Act (1) against the Texas
Department of Criminal Justice-Institutional Division, Executive Director Wayne
Scott, and Officer Kyle Rackley. Appellant alleged he was injured on December 19,
1997, when he was a passenger on a TDCJ bus. According to the petition, the bus
driver, Officer Rackley, was speeding and crashed into a four-foot embankment. As
a result, appellant allegedly suffered a cracked collar bone, facial lacerations
requiring 49 stitches, an injured back and neck, and broken dentures.

 Appellant, represented by an attorney, sent a notice of his claim to the prison
authorities, who referred the matter to the office of the Texas Attorney General. By
letter dated July 6, 1998, the Attorney General notified appellant's counsel as follows:

It has been decided that Mr. Allen's claim for damages will be
denied. After the suit is filed, I will be happy to work with you
on the scheduling of depositions and the completing of other
discovery.


Federal Litigation

 Appellant filed suit in federal court. On July 29, 1999, the federal suit was
dismissed because the case involved simple negligence.

State Litigation

 Before an inmate may file a state court action on a claim that is subject to the
grievance system, (2) the inmate must file a grievance and either receive a written
decision, or if no written decision is received, the inmate must wait 180 days after the
grievance is filed before filing the claim in state court. Tex. Gov't Code Ann. §
501.008(d) (Vernon 1998). However, in the event the state court action is
prematurely filed, i.e., before the lapse of 180 days after the grievance is filed upon
which no written decision has been made, then the state court "shall stay the
proceeding with respect to the claim for a period not to exceed 180 days to permit
completion of the grievance system procedure." Tex. Civ. Prac. & Rem. Code Ann.
§ 14.005(c) (Vernon Supp. 2002). 

 In the present case, after the federal court action was dismissed, and prior to
filing the state court action, appellant filed another notice of claim and demand for
payment with the director of TDCJ on August 11, 1999. Appellant had not received
a written decision on his complaint by December 2, 1999, 113 days after the filing of
the complaint. Appellant opted to file his lawsuit in state court without waiting for
a written decision; he filed suit on December 2, 1999. Accordingly, as a matter of
law, the trial court was required to stay the state court proceedings to permit
completion of the grievance system procedure under section 14.005(c).

Analysis

 According to the majority opinion, an inmate proceeds at his peril if he
attempts to pursue his claim in federal court rather than state court because, according
to the majority, the time limits for filing the state court action start to run from the
moment the first notice of grievance is filed, even though state court litigation is not
contemplated at the time. If the inmate in good faith files suit in federal court, and
the federal judge decides the claim belongs in state court, the inmate will never be
able to proceed in state court because, according to the majority opinion, more than
30 days will have passed since the inmate's initial grievance was denied by the prison
authorities. Respectfully, such cannot be the intent of the statutes.

 Before an inmate files litigation in federal court, he must comply with federal
statutes that require him to exhaust administrative remedies. See Booth v. Churner
531 U.S. 956, 121 S. Ct. 1819, 1820 (2001). If he complies with those statutes, yet
the federal judge decides the claim belongs in state court anyway, should the inmate
be denied the opportunity to pursue the state court action just because the statutory
deadline for filing the state court action expired while the inmate pursued a remedy
through federal court? I do not believe so.

 Here, appellant followed the rules. Within 13 days after his federal case was
dismissed, he sent another notice of claim and demand to the TDCJ; it was
appropriate to give the TDCJ another opportunity to settle before state court litigation
was filed. When appellant received no written response to his demand, he timely
filed his state court lawsuit. In my opinion, the trial court reversibly erred when it
dismissed the lawsuit under section 14.005(b), rather than staying the proceeding
under section 14.005(c).

 Accordingly, I would reverse the judgment and remand the case to the trial
court.



 Margaret Garner Mirabal

 Justice

Panel consists of Justices Mirabal, Hedges, and Jennings.

Justice Mirabal dissenting.

Publish. Tex. R. App. P. 47.
1. Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon Supp. 2002).
2. I question whether this claim for injuries suffered while riding in a bus on a
public road is a claim "subject to the grievance system." However, for
purposes of argument, without deciding whether section 501.008 actually
applies, this dissenting opinion is written as though appellant's claim is
covered by section 501.008 of the Government Code.